UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **GARY L. SMITH,** *pro se*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.:  06-1026 (ESH)** |
| | ) | |
| **FEDERAL BUREAU OF INVESTIGATION**, | ) | |
| United States Department of Justice,[1] | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant Federal Bureau of Investigation ("FBI"), a component of the United States

Department of Justice ("DOJ"), by and through undersigned counsel, respectfully moves this

Court for summary judgment in this Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), case,

on the grounds that there are no material facts in dispute and that Defendant is entitled to

judgment in its favor as a matter of law.  Fed. R. Civ. P. 56.  In support of this motion, Defendant

submits the declaration of David M. Hardy, Section Chief, Record/Information Dissemination

Section, FBI Headquarters, DOJ, and the accompanying exhibits.[2]  Defendant also submits the

attached memorandum of points and authorities, statement of material facts not in dispute, and

proposed order.

Plaintiff, *pro se*, should take notice that any factual assertions contained in the

declarations and other attachments in support of Defendant's motion will be accepted by the

---

[1]  Although Plaintiff's complaint specifically names the Federal Bureau of Investigation
(FBI), under the FOIA, the only proper defendant is the United States Department of Justice.  5
U.S.C. § 552(a)(4)(B) and (f)(1).

[2]Attached as Exhibit 1.

Court as true unless Plaintiff submits his own affidavit or other documentary evidence

contradicting the assertions in Defendant's materials.  See Neal v. Kelly, 963 F.2d 453 (D.C. Cir.

1992); see also Local Rule 7(h); Fed. R. Civ. P. 56(e).  Rule 56(e) provides:

> Supporting and opposing affidavits shall be made on personal
> knowledge, shall set forth such facts as would be admissible in
> evidence, and shall show affirmatively that the affiant is competent
> to testify to the matters stated therein.  Sworn or certified copies of
> all papers or parts thereof referred to in an affidavit shall be
> attached thereto or served therewith.  The court may permit
> affidavits to be supplemented or opposed by depositions, answers
> to interrogatories, or further affidavits.  When a motion for
> summary judgment is made and supported as provided in this rule,
> an adverse party may not rest upon the mere allegations or denials
> of the adverse party's pleading, but the adverse party's response, by
> affidavits or as otherwise provided in this rule, must set forth
> specific facts showing that there is a genuine issue for trial.  If the
> adverse party does not so respond, summary judgment, if
> appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Dated: August 7, 2006                Respectfully submitted,


_/s/_____
KENNETH L. WAINSTEIN, DC Bar # 451058
United States Attorney


_/s/_____
RUDOLPH CONTRERAS, DC Bar # 434122
Assistant United States Attorney


/s/_____
MEGAN L. ROSE, N.C. Bar # 28639
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.
Washington, D.C.  20530
(202) 514-7220

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **GARY L. SMITH,** *pro se*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| **v.** | ) | Civil Action No.:  06-1026 (ESH) |
| | ) | |
| **FEDERAL BUREAU OF INVESTIGATION**, | ) | |
| United States Department of Justice, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## STATEMENT OF MATERIAL FACTS NOT IN GENUINE ISSUE

Pursuant to LCvR 7(h), Defendant respectfully submits this statement of material facts as to which there is no genuine dispute.  The attached declaration of David M. Hardy, FBI Headquarters, DOJ, supports this statement.  See Exh. 1.

1.     By letter dated November 23, 2004, to FBI, Atlanta Field Office ("ATFO"), Gary L. Smith requested "all documents regarding seizure number 3040-02-F-0133, including but not limited to: inventory lists, disposition of item seized, and location of items seized," and "the investigative notes and associated files, related search warrants and affidavits and the identity of all agents, officers, etc. involved with this seizure."  He also requested a waiver of fees.  Hardy Decl. ¶ 5, Exh. A.

2.     By letter dated December 6, 2004, FBI Headquarters (FBIHQ) acknowledged receipt of plaintiff's November 23, 2004 FOIPA request.  Plaintiff was advised that his request was forwarded to FBIHQ from the ATFO.  Plaintiff was also advised his request had been assigned FOIPA number 1009611.  Id. ¶ 6, Exh. B.

3.     By letter dated February 26, 2005, plaintiff stated  "It was been well past the

twenty (20) days specified under 5 U.S.C. § 552(a)(6)(A)(i) and with an extension of ten (10)

days as specified in § 552(a)(b)(B) of the same title.  There was no notification to me that a delay

in the request would be needed."  Plaintiff stated that if the FBI could not or would not provide

the requested information he would initiate action within the local District Court. Id. ¶ 7, Exh. C.

4.        By letter dated March 24, 2005, plaintiff stated that he had exhausted his

administrative remedies and that this letter would serve as formal notice that he had

acknowledged the FBI's refusal to supply the requested information.  Plaintiff also advised that

he would file a complaint with the United States District Court in West Virginia within thirty

(30) days of this notice.   Id. ¶ 8, Exh. D.

5.        By letter dated April 21, 2005, FBIHQ acknowledged receipt of plaintiff's March

24, 2005 letter.[1]  Plaintiff was advised that the material he requested in his November 23, 2004

FOIPA request to the ATFO was located in an open investigative file and was exempt from

disclosure pursuant to Title 5, United States Code, Section 552, subsections (b)(7)(A) and

(b)(7)(C).  Plaintiff was also advised he could appeal this denial by writing to the Co-Director,

Office of Information and Privacy ("OIP"), United States Department of Justice (DOJ).  Id. ¶ 9,

Exh. E.

6.        A search of FOIPA records at FBIHQ revealed no record of an administrative

appeal filed by plaintiff.  Id. ¶ 22.  Pursuant to a telephone call between FBIHQ and OIP on July

20, 2006, OIP confirmed that there is no record of an appeal concerning plaintiff's FOIPA

request dated November 23, 2004.  Id.

---

[1]A second letter with the same information and also dated April 21, 2005 was
inadvertently sent to plaintiff.

7.      By letter dated January 31, 2006, plaintiff submitted a FOIPA request to FBIHQ

for the following information: All documents, photographs, investigative notes and the like

contained in File No. 305A-BA-80998-E6522-KC; any adverse action reports on Special Deputy

U. S. Marshal Cameron Roe; copies of forensic examinations used to secure search warrant 2:02-

M-026, used to seize property of Gary L. Smith at 4417 Waterworks Road, Jefferson, Jackson

County in the Northern District of Georgia; copies of photographs used to secure above reference

search warrant; any and all reports from the Georgia Bureau of Investigations; any documents,

photographs, investigative reports, notes or the like on or in any file that references Gary L.

Smith; any other information that may be related to Gary L. Smith and not contained in any

official file, no matter how temporary or inconsequential in nature.  Plaintiff also requested a

waiver of fees associated with this request.  This request was assigned FOIPA No. 1039550.  Id.

¶ 10, Exh. F.

8.      In response to plaintiff's January 31, 2006 request, FBIHQ conducted a search of

its automated indices at FBIHQ for "Gary L. Smith".  FBIHQ searched the CRS using plaintiff's

name in order to locate any main investigatory files maintained at HQ.  FBIHQ's search also

included the use of plaintiff's date of birth and Social Security number to identify responsive

records.  This search located no records responsive to plaintiff's request.  All places reasonably

likely to contain responsive documents were searched, but no records were found.  In addition,

upon receipt of plaintiff's civil complaint, another search of the automated indices at FBIHQ was

conducted on July 14, 2006, using the same search mechanism described above.  This additional

search again located no records responsive to plaintiff's request.  Id. ¶ 23.

9.      By letter dated March 6, 2006, FBIHQ informed plaintiff that even though no

records responsive to his request were located, he was entitled to file an administrative appeal with OIP.  Id. ¶ 12, Exh. H.

10.    A search of FOIPA records at FBIHQ revealed no record of an appeal filed by plaintiff.  Pursuant to a telephone call between FBIHQ and OIP on July 20, 2006, OIP confirmed that there is no record of an appeal concerning plaintiff's January 31, 2006 FOIPA request.  Id. ¶ 24.

11.    By letter dated February 13, 2006,[2] plaintiff requested copies of the following information: "Statutory (i.e. United States Code "U.S.C."; Code of Federal Regulations, "C.F.R."; Public-law etc.) authority to investigate anyone with the United States (corporate) or United States of America; and Congressional authority to investigate."  Plaintiff also requested a waiver of fees for the production of these documents.  Id. ¶ 11, Exh. G.

12.    FBIHQ considered Plaintiff's February 13, 2006 letter to be an improper request for information outside of FOIPA.  A FOIPA request was not opened and a FOIPA number was never assigned to this request.  Id. ¶¶ 11, 25, n. 3.  By letter dated May 2, 2006,[3] FBIHQ advised plaintiff that the FOIPA does not require federal agencies to answer inquiries, create records, conduct research, or draw conclusions concerning queried data, and therefore the questions posed in plaintiff's letter dated February 13, 2006, were not FOIPA requests because they did not comply with the FOIPA and its regulations.  Id. ¶ 14, Exh. J.

13.    By letter dated March 30, 2006, plaintiff submitted a FOIPA request "for the

_____

[2]  This letter could not be located at FBIHQ.  A copy of this document was provided by plaintiff as Exhibit 6 to his complaint.
[3]  This letter could not be located at FBIHQ.  A copy of this document was provided by plaintiff as Exhibit 9 of his complaint.

production of a detailed indexing of all records, objects and/or communications within your

agency." Plaintiff also requested, "pursuant to <u>Vaughn v Rosen</u>, 484 F.2d 820 (D.C. Cir 1973):

Copies of any and all documents or materials taken from any of my homes (Chicago, IL or

Jefferson, GA), place(s) of business or other areas where it is claimed I had a proprietary interest

on which is in any way related to myself, by either federal and/or state agents and agencies,

acting with or without a warrant; copies of any and all warrants, orders, inventories,

memorandum or any other documents obtained or created in connection with myself; any and all

documents, materials, photographs, films, publications or computer data which was seized or

copied; and any results or reports of physical or mental examinations, scientific tests or

experiments or copies of them, including but not limited to handwriting exemplars, photographs,

fingerprints or other similar materials in possession, custody or control of the government, the

existence of which is known or by the exercise of due diligence may become known, which are

related in any way to myself." Plaintiff also stated that "this request should also include any

temporary files on your agency's computer network that haven't been placed formally with my

records, including any and all e-mails, or other inter- and intra- department and /or agency

communications." <u>Id.</u> ¶ 13, Exh. I.

      14.    The FBI had not responded to plaintiff's March 30, 2006 request prior to the filing

of plaintiff's complaint on June 5, 2006. Similar to plaintiff's January 31, 2006 request,

plaintiff's March 30, 2006 request involved searching plaintiff's name to locate information.

Thus, on July 14, 2006, in response to plaintiff's March 30, 2006 request, a search of the

automated indices was conducted at FBIHQ on Gary L. Smith. As described above, FBIHQ

searched the CRS using plaintiff's name in order to locate any main investigatory files

maintained at HQ.  FBIHQ's search also included the use of plaintiff's date of birth and Social

Security number to identify responsive records.  All places reasonably likely to contain

responsive documents were searched, but the search located no records at FBIHQ responsive to

plaintiff's request.  Id. ¶ 26.

15.    By letter dated August 4, 2006, FBIHQ advised plaintiff that a search of the

automated indices to the central records system files at FBIHQ located no records responsive to

his March 30, 2006 FOIPA request.  The letter advised plaintiff that, in accordance with 28

C.F.R. §§ 16.3(a) & 16.41(a), if he sought records from a specific FBI field office, he could write

directly to the respective field office.  Id. ¶ 15, Exh. K.


Dated: August 7, 2006                    Respectfully submitted,


                                         _/s/_____
                                         KENNETH L. WAINSTEIN, DC Bar # 451058
                                         United States Attorney

                                         _/s/_____
                                         RUDOLPH CONTRERAS, DC Bar # 434122
                                         Assistant United States Attorney

                                         /s/_____
                                         MEGAN L. ROSE, N.C. Bar # 28639
                                         Assistant United States Attorney
                                         Judiciary Center Building
                                         555 4th Street, N.W.
                                         Washington, D.C.  20530
                                         (202) 514-7220

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **GARY L. SMITH,** *pro se*, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Civil Action No.:  06-1026 (ESH)** |
| | ) | |
| **FEDERAL BUREAU OF INVESTIGATION**, | ) | |
| United States Department of Justice, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### DEFENDANT'S MEMORANDUM IN SUPPORT OF
### MOTION FOR SUMMARY JUDGMENT

Defendant Federal Bureau of Investigation ("FBI"), a component of the United States

Department of Justice ("DOJ"), through the undersigned counsel, respectfully moves this Court

for summary judgment pursuant to Fed. R. Civ. P. 56(c).

Plaintiff, a federal inmate proceeding *pro se*, brought this civil action pursuant to the

Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a,

with regard to the processing of Plaintiff's FOIA requests by the FBI.  As demonstrated by the

attached declaration of David M. Hardy, FBI Headquarters, DOJ, Plaintiff failed to exhaust his

administrative remedies concerning his first three FOIA requests, and with regard to Plaintiff's

most recent FOIA request, Defendant conducted reasonable searches and no documents were

improperly withheld from Plaintiff.  Thus, there are no genuine issues of material fact, and

Defendant is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(c).  For the reasons

set forth below, summary judgment for Defendant should be granted.

### BACKGROUND

Defendant adopts the above Statement of Material Facts Not In Genuine Dispute.

## STANDARD OF REVIEW

**I.      Summary Judgment (Fed.R.Civ.P. 56)**

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is required when the pleadings and evidence demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Celotex Corp. v. Cattrett, 477 U.S. 317, 322 (1986); Diamond v. Atwood, 43 F.3d 1538, 1540 (D.C. Cir. 1995).  Any factual assertions contained in affidavits and other evidence in support of the moving party's motion for summary judgment shall be accepted as true unless the facts are controverted by the nonmoving party through affidavits or other documentary evidence.  Fed. R. Civ. P. 56(e).

While all evidence and the inferences drawn therefrom must be considered in the light most favorable to the nonmoving party, see Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), summary judgment should be granted if the moving party submits "affirmative evidence that negates an essential element of the nonmoving party's claim" or demonstrates "that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." High Tech Gays v. Defense Industrial Security Clearance Office, 895 F.2d 563, 574, reh'g denied, 909 F.2d 375 (9th Cir. 1990) (citing Celotex v. Catrett, 477 U.S. 317, 331 (1986)).

**II.      Summary Judgment In FOIA Cases**

FOIA cases are typically decided on motions for summary judgment.  See Cappabianca v. Commissioner, United States Customs Serv., 847 F.Supp. 1558, 1562 (M.D. Fla. 1994) ("once documents in issue are properly identified, FOIA cases should be handled on motions for

2

summary judgment") (citing <u>Miscavige v. IRS</u>, 2 F.3d 366, 368 (11th Cir. 1993)).[1]  To be entitled

to summary judgment, the agency must prove that each document was produced, not withheld, is

unidentifiable, or is exempt from disclosure.  <u>Weisberg v. United States Dept. of Justice</u>, 627

F.2d 365, 368 (D.C. Cir. 1980).  To meet its burden, the defendant may rely on affidavits or

declarations and other evidence by the agency which show that the documents are exempt from

disclosure. <u>Hayden v. National Security Agency Cent. Sec. Serv.</u>, 608 F.2d 1381, 1384, 1386

(D.C. Cir. 1979), <u>cert. denied</u>, 446 U.S. 937 (1980); <u>Church of Scientology v. United States</u>

<u>Department of Army</u>, 611 F.2d 738, 742 (9th Cir. 1980).  Summary judgment may be granted

solely on the basis of agency affidavits [or declarations] if they "contain reasonably detailed

descriptions of the documents and allege facts sufficient to establish that the documents are

within the FOIA exemption category; the district court need look no further." <u>Citizens</u>

<u>Commission on Human Rights v. FDA</u>, 45 F.3d 1329 (9th Cir. 1995); <u>Bowen v. FDA</u>, 925 F.2d

1224, 1227 (9th Cir. 1991).  <u>See also</u> <u>Hayden</u>, <u>supra</u>, 608 F.2d at 1387; <u>Military Audit Project v.</u>

<u>Casey</u>, 656 F.2d 724, 738 (D.C. Cir. 1981).  When the pleadings, supplemented by the affidavits

and declarations, show no genuine issue as to any material fact and the defendant is entitled to

judgment as a matter of law, summary judgment should be granted to the defendant.  <u>See</u> <u>Perry v.</u>

<u>Block</u>, 684 F.2d 121 (D.C. Cir. 1982).

     In this case, Defendant's declaration was prepared by David M. Hardy, who is familiar

with the procedures followed by the agency in responding to requests for information under the

---

[1]    For purposes of summary judgment, an agency's decision to withhold information
from a FOIA requester is subject to <u>de novo</u> review by the courts.  <u>Hayden v. National Security</u>
<u>Agency/Cent. Sec. Serv.</u>, 608 F.2d 1381, 1384 (D.C. Cir. 1979), <u>cert. denied</u>, 446 U.S. 937
(1980).

FOIA. <u>See generally</u> Hardy Decl. Mr. Hardy is also specifically familiar with the processing of

Plaintiff's FOIA requests by the FBI. <u>Id.</u>

**ARGUMENT**

Before invoking a court's jurisdiction to gain access to records alleged to have been

improperly withheld under the FOIA, a plaintiff must first exhaust administrative remedies. <u>See</u>,

<u>e.g.</u>, <u>Wilbur v. CIA</u>, 355 F.3d 675, 677 (D.C. Cir. 2004) (per curiam); <u>Hidalgo v. FBI</u>, 344 F.3d

1256, 1259 (D.C. Cir. 2003); <u>Pollack v. Dep't of Justice</u>, 49 F.3d 115, 119-20 (4th Cir. 1995);

<u>Oglesby v. United States Dep't of the Army</u>, 920 F.2d 57, 61 (D.C. Cir. 1990); <u>Summers v. Dep't</u>

<u>of Justice</u>, 140 F.3d 1077, 1080 (D.C. Cir. 1998). A FOIA requester is deemed to have failed to

exhaust administrative remedies whenever the requester does not comply with the administrative

process set forth under the FOIA, including failure to administratively appeal a denial of

information. <u>See Oglesby</u>, 920 F.2d at 61. When a FOIA plaintiff attempts to obtain judicial

review without first properly undertaking full administrative exhaustion, his lawsuit is subject to

immediate dismissal for lack of subject matter jurisdiction. <u>Id.</u>

Furthermore, even when a plaintiff properly exhausts his or her administrative remedies,

the FOIA provides relief only when requested documents have been "improperly withheld" by an

agency. 5 U.S.C. § 552(a)(4)(B). Courts have interpreted this section of the statute to mean that

relief can be granted only upon a showing by the plaintiff that the defendant (1) improperly (2)

withheld (3) agency records. <u>See United States Dep't of Justice v. Tax Analysts</u>, 492 U.S. 136,

142 (1989) (quoting <u>Kissinger v. Reporters Comm. for Freedom of Press</u>, 445 U.S. 136, 150

(1980)). Indeed, "[t]he plaintiff must show that the agency 'contravened all three components of

this obligation'" in order for the court to devise a remedy and enjoin the agency. <u>Kuffel v.</u>

4

Bureau of Prisons, 882 F. Supp. 1116, 1120 (D.D.C. 1995) (citing Kissinger, 445 U.S. at 150 ).

In this case, Plaintiff failed to appeal administratively the agency's responses to his FOIA

requests.  Instead of properly exhausting his claims, Plaintiff continued to file new FOIA

requests, with the most recent one dated March 30, 2006.  Accordingly, Plaintiff's claims should

be dismissed for failure to exhaust his administrative remedies.  With regard to Plaintiff's most

recent FOIA request, Defendant conducted reasonable searches and no documents were

improperly withheld from Plaintiff.  Therefore, there are no genuine issues of material fact, and

Defendants are entitled to judgment as a matter of law.

## I.    Plaintiff Failed To Exhaust His Administrative Remedies.

Exhaustion of administrative remedies is a well-established doctrine in administrative law

that provides "that no one is entitled to judicial relief for a supposed or threatened injury until the

prescribed administrative remedy has been exhausted." McKart v. United States, 395 U.S. 185,

193 (1969) (citing Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 50-51 (1938)).  "It goes

without saying that exhaustion of administrative remedies is required in FOIA cases . . .

'exhaustion of such [administrative] remedies is required under the Freedom of Information Act

before a party can seek judicial review.'" Dettmann v. U.S. Department of Justice, 802 F.2d

1472, 1477 (D.C. Cir. 1986) (quoting to Stebbins v. Nationwide Mutual Insurance Co., 757 F.2d

364, 366 (D.C. Cir. 1985)).   See also, Spannaus v. Department of Justice, 824 F.2d 52, 58 (D.C.

Cir. 1987); In re motion to Compel filed by Steele, 799 F.2d 461, 465-66 (9th Cir. 1986);

Stebbins v. Nationwide Mut. Ins. Co., 757 F.2d 364, 366 (D.C. Cir. 1985).  FOIA requesters may

not attempt to "leapfrog" over the substantive steps in the administrative process without first

exhausting all administrative remedies.  Tuchinsky v. Selective Serv. System, 418 F.2d 155, 158

(7th Cir. 1969). Indeed, where a FOIA plaintiff attempts to obtain judicial review without first

properly undertaking full administrative exhaustion, his lawsuit is subject to ready dismissal for

lack of subject matter jurisdiction. See, e.g., Dettmann, 802 F.2d at 1477; Hymen v. Merit Sys.

Protection Bd., 799 F.2d 1421, 1423 (9th Cir. 1986); Brumley v. Department of Labor, 767 F.2d

444, 445 (8th Cir. 1985).

A FOIA requester fails to exhaust administrative remedies whenever the requester does

not comply with the administrative process set forth under the FOIA, including failure to

administratively appeal a denial of information. See, e.g. Oglesby, 920 F.2d at 61. In this case,

Plaintiff never administratively challenged any aspect of his FOIA requests to the FBI. See

Hardy Decl. ¶¶ 7-15, 22, 24. Plaintiff first failed to administratively challenge Defendant's

response to his November 23, 2004 FOIPA request, which sought "all documents regarding

seizure number 3040-02-F-0133, including but not limited to: inventory lists, disposition of item

seized, and location of items seized," and "the investigative notes and associated files, related

search warrants and affidavits and the identity of all agents, officers, etc. involved with this

seizure." Id. ¶ 5, Exh. A. As set forth in the Hardy Declaration, by letter dated April 21, 2005,

FBIHQ informed Plaintiff that the material he requested in his November 23, 2004 FOIPA

request to the Atlanta Field Office of the FBI ("ATFO") was located in an open investigative file,

which was exempt from disclosure pursuant to Title 5, United States Code, Section 552,

subsections (b)(7)(A) and (b)(7)(C).[2] See Hardy Decl. ¶ 9; Exh. E. FBIHQ advised Plaintiff that

---

[2] The FOIA exempts from the requirement of disclosure "records or information compiled for law enforcement purposes" to the extent that the production of such law enforcement records or information "could reasonably be expected to interfere with enforcement proceedings," 5 U.S.C. § 552(b)(7)(C), and to the extent such information "could reasonably be expected to constitute an unwarranted invasion of personal privacy," 5 U.S.C. § 552(b)(7)(C).

6

he could appeal this denial of information by writing to the Co-Director, OIP, DOJ.  Id.  A search of FOIPA records at FBIHQ revealed no record of an appeal being filed by Plaintiff.  Id. ¶ 22. Pursuant to a telephone call between FBIHQ and OIP on July 20, 2006, OIP confirmed that there is no record of an appeal concerning Plaintiff's FOIPA request dated November 23, 2004.  Id. Therefore, in this instance, the plaintiff failed to exhaust his administrative remedies with regard to FBIHQ's denial of records.

Subsequently, Plaintiff filed a FOIA request with FBIHQ dated January 31, 2006, seeking "[a]ll documents, photographs, investigative notes and the like contained in File No. 305A-BA-80998-E6522-KC; any adverse action reports on Special Deputy U. S. Marshal Cameron Roe; copies of forensic examinations used to secure search warrant 2:02-M-026, used to seize property of Gary L. Smith at 4417 Waterworks Road, Jefferson, Jackson County in the Northern District of Georgia; copies of photographs used to secure above reference search warrant; any and all reports from the Georgia Bureau of Investigations; any documents, photographs, investigative reports, notes or the like on or in any file that references Gary L. Smith; any other information that may be related to Gary L. Smith and not contained in any official file, no matter how temporary or inconsequential in nature."  Hardy Decl. ¶ 10, Exh. F.  Plaintiff also requested a "detailed indexing on the foregoing items."  Id.   Again, Plaintiff failed to administratively challenge Defendant's response to that request.  Id. 10, 24.  By letter dated March 6, 2006, FBIHQ informed plaintiff that no records responsive to his request were located, but that he was entitled to appeal the response to his FOIPA request.  Id. ¶ 24, Exh. H.  A search of FOIPA records at FBIHQ revealed no record of an appeal being filed by Plaintiff.  Id. ¶ 24.  Pursuant to a telephone call between FBIHQ and OIP on July 20, 2006, OIP confirmed that there is no record

7

of an appeal concerning Plaintiff's January 31, 2006 FOIPA request. Id. Therefore, once again, plaintiff failed to exhaust his administrative remedies with regard to FBIHQ's no records response.

By letter dated February 16, 2006, received on March 2, 2006 by FBIHQ, Plaintiff requested copies of Defendant's "[s]tatutory (i.e. United States Code "U.S.C."; Code of Federal Regulations, "C.F.R."; Public-law etc.) authority to investigate anyone with the United States (corporate) or United States of America; and Congressional authority to investigate." Hardy Decl. ¶ 11, Exh. G. Defendant considered this request to be a request for information outside of the FOIPA, and thus, a FOIPA request was not opened and a FOIPA number was never assigned to this request.[3] Id. ¶¶ 11, 14, 25, n.3. Because Defendant did not consider the plaintiff's letter a valid FOIPA request, Defendant informed Plaintiff by letter dated May 2, 2006, that no search for information was conducted. Id., Exh. J. Instead of administratively appealing this decision, Plaintiff filed the instant lawsuit. See Compl. Accordingly, under Oglesby, Plaintiff has failed to exhaust his administrative remedies as to these three FOIA requests, and the Court lacks subject matter jurisdiction over any claims in Plaintiff's complaint pertaining to these FOIA requests.

---

[3] Agencies are not required to create or compile new records in response to FOIA requests, nor are they required to answer questions posed as FOIA requests. See, e.g., Zemansky v. EPA, 767 F.2d 569, 574 (9th Cir. 1985); Flowers v. IRS, 307 F.Supp. 2d 60, 71 (D.D.C. 2004). Plaintiff's February 16, 2006 letter which was received on March 2, 2006 by FBIHQ requested that the FBI provide Plaintiff with copies of its statutory and congressional authority to investigate. Hardy Decl., Exh. G; Compl., Exh. 6. Because Defendant properly determined that Plaintiff's letter failed to qualify as a valid FOIPA request, Defendant did not assign a FOIPA number to this request and did not conduct any search for information. See Hardy Decl. ¶ 25; see also Compl., Exh. 9. Therefore, Defendant did not improperly withhold any agency records under the FOIA. See 5 U.S.C. § 552(a)(4)(B).

**II.    Defendant Conducted a Reasonable Search for Records Pertaining to Plaintiff's Most Recent FOIA Request.**

The only claim in Plaintiff's complaint over which he may arguably seek judicial review concerns his most recent FOIA request dated March 30, 2006. Before Defendant responded to Plaintiff's March 30, 2006 FOIA request, which was similar to Plaintiff's previous January 31, 2006 request, Plaintiff filed the instant complaint in this Court. See Compl.; see also Decl. ¶ 26. Because under the standards for a reasonable search articulated by the D.C. Circuit, Defendant conducted reasonable searches for records and found no responsive records, Defendant is entitled to judgment as a matter of law.

**A.    Explanation of the FBI's Central Records System ("CRS")**

As explained in the Declaration of David M. Hardy, the Central Records System ("CRS") used by the FBI "enables it to maintain all pertinent information which it has acquired in the course of fulfilling mandated law enforcement responsibilities." Hardy Decl. ¶ 16. "The records maintained in the CRS consist of administrative, applicant, criminal, personnel, and other files compiled for law enforcement purposes. This system consists of a numerical sequence of files broken down according to subject matter. The subject matter of a file may relate to an individual, organization, company, publication, activity, or foreign intelligence matter. Certain records in this CRS are maintained at FBIHQ. Records that are pertinent to specific field offices are maintained in those field offices." Id.

Access to the CRS is obtained through the General Indices, which are arranged in alphabetical order. Hardy Decl. ¶ 17. The General Indices consist of index cards on various subject matters that are searched either manually or through the automated indices. The entries

9

in the General Indices fall into two categories:

> (a) A "main" entry -- A "main" entry, or "main" file, carries the name corresponding with a subject of a file contained in the CRS.

> (b) A "reference" entry --"Reference" entries, sometimes called "cross-references," are generally only a mere mention or reference to an individual, organization, or other subject matter, contained in a document located in another "main" file on a different subject matter.

Id.

The decision to index names other than subjects, suspects, and victims is a discretionary decision made by the FBI Special Agent ("SA") assigned to work on the investigation, the Supervisory SA ("SSA") in the field office conducting the investigation, and the SSA at FBIHQ.  Hardy Decl. ¶ 20.  The FBI does not index every name in its files; rather, it indexes only that information considered to be pertinent, relevant, or essential for future retrieval. Without a "key" (index) to this enormous amount of data, information essential to ongoing investigations could not be readily retrieved.  The FBI files would thus be merely archival in nature and could not be effectively used to serve the mandated mission of the FBI, which is to investigate violations of federal criminal statutes.  Therefore, the General Indices to the CRS files are the means by which the FBI can determine what retrievable information, if any, the FBI may have in its CRS files on a particular subject matter or individual, i.e., Gary L. Smith.  Id.

**B.    The Search for Records Responsive to Plaintiff's Original FOIA Request Was Reasonable**

The agency's burden is to establish that it has conducted a search reasonably calculated to uncover all responsive records.  Truitt v. Dept. of State, 897 F.2d 540, 542 (D.C. Cir. 1990); Cleary, Gottlieb, Steen & Hamilton v. Dept. of Health, et al., 844 F. Supp. 770, 776 (D.D.C.

1993).  The search standards under the FOIA do not place upon the agency a requirement that it

prove that all responsive documents have been located.  Nation Magazine v. United States

Customs Serv., 71 F.3d 885, 892 n.7 (D.C. Cir. 1995).  It has been held that "'the search need

only be reasonable; it does not have to be exhaustive.'" Miller v. Department of State, 779 F.2d

1378, 1383 (8th Cir. 1985) citing National Cable Television Association v. FCC, 479 F.2d 183,

186 (D.C. Cir. 1973).  An agency is not required to search every record system, but need only

search those systems in which it believes responsive records are likely to be located.  Ogelsby v.

U.S. Dept. of Army, 920 F.2d 57, 68 (D.C. Cir. 1990).  Even when a requested document

indisputably exists or once existed, summary judgment will not be defeated by an unsuccessful

search for the document so long as the search was diligent.  Nation Magazine, 71 F.3d at 892 n.7.

Additionally, the mere fact that a document once existed does not mean that it now exists; nor

does the fact that an agency created a document necessarily imply that the agency has retained it.

Maynard v. CIA, 982 F.2d 546, 564 (1st Cir. 1993).

     Simply stated, the adequacy of the search is "dependent upon the circumstances of the

case." Truitt v. Department of State, 897 F.2d 540, 542 (D.C. Cir. 1990).   The fundamental

question is not "whether there might exist any other documents responsive to the request, but

rather whether the search for those documents was adequate."  Steinberg v. Department of

Justice, 23 F.3d 548, 551 (D.C. Cir. 1994) (quoting Weisberg v. Department of Justice, 745 F.2d

1476, 1485 (D.C. Cir. 1984)).

     The burden rests with the agency to establish that it has "made a good faith effort to

conduct a search for the requested records, using methods which can be reasonably expected to

produce the information requested."  Oglesby, 920 F.2d at 68; see SafeCard Servs. v. SEC, 926

F.2d 1197, 1201 (D.C. Cir. 1991). "An agency may prove the reasonableness of its search through affidavits of responsible agency officials so long as the affidavits are relatively detailed, non-conclusory and submitted in good faith." Miller, 779 F.2d at 1383; Goland, 607 F.2d at 352. Though the "affidavits submitted by an agency are 'accorded a presumption of good faith,'" Carney v. Department of Justice, 19 F.3d 807, 812 (2d Cir. 1994), cert. denied, 513 U.S. 823 (1994) (quoting SafeCard Servs. v. SEC, 926 F.2d at 1200), the burden rests with the agency to demonstrate the adequacy of its search. Once the agency has met this burden through convincing evidence, then the burden shifts to the requester to rebut the evidence by a showing of bad faith on the part of the agency. Miller, 779 F.2d at 1383. It is insufficient for a requester to attempt to rebut agency affidavits with purely speculative claims. See Carney, 19 F.3d at 813; SafeCard, 926 at 1200; Maynard v. CIA, 986 F.2d 547, 559-560 (1st Cir. 1993).

In this case, as described below and in the detailed non-conclusory Declaration of David M. Hardy, Defendant met its burden to establish that the agency made a good faith effort to conduct an adequate search for the requested records. See Decl. ¶¶ 20, 26. In fact, even though Defendant had previously conducted a similar search for records in response to Plaintiff's January 31, 2006 FOIA request, Defendant conducted an additional search on July 14, 2006, in response to Plaintiff's March 30, 2006 FOIA request.[4] Under Ogelsby, Defendant reasonably searched those systems in which each believed responsive records were likely to be located. Id.; see also Ogelsby, 920 F.2d at 68.

---

[4] Plaintiff failed to exhaust his administrative remedies as to his January 31, 2006 request. Therefore, prior to filing the instant complaint, Plaintiff submitted another request, which was substantially similar, on March 30, 2006. See Hardy Decl., Exh. F, I.

Specifically, like Plaintiff's January 31, 2006 request, the March 30, 2006 request sought an index of documents and materials pertaining to Plaintiff.[5]  See Hardy Decl., Exh. F, I.  Both requests involved a search using Plaintiff's name to locate information, and on July 14, 2006, FBIHQ conducted a second search of its automated indices for "Gary L. Smith".  Hardy Decl. ¶ 26.  "General Indices to the CRS files are the means by which the FBI can determine what retrievable information, if any, the FBI may have in its CRS files on a particular subject matter or individual i.e., Gary L. Smith."  Id. ¶ 20.  A search of the CRS using the name "Gary L. Smith" would result in a search that would cover a breakdown of the name.  For example, this particular name search would locate records relating to the following names: "Smith, Gary, L.;" "Smith, Gary;" "Smith, G. L.;" and "Smith, L."  Id. ¶ 26.  FBIHQ's search also included the use of Plaintiff's date of birth and Social Security number to identify responsive records.  All places reasonably likely to contain responsive documents were searched, but the search located no records at FBIHQ responsive to Plaintiff's request.  A letter dated August 4, 2006 was mailed to Plaintiff concerning the latest search results in response to his March 30, 2006 FOIPA request. Id., Exh. K.  The letter also stated that, in accordance with 28 C.F.R. §§ 16.3(a) & 16.41(a), if Plaintiff sought records from an FBI field office, he could write directly to the respective field office.[6]  Therefore, Defendant acted in good faith and met its obligations under the FOIA.

---

[5]  To the extent that Plaintiff's requests sought the creation of an "index" by Defendant, as noted above, agencies are not required to create or compile new records in response to FOIA requests, nor are they required to answer questions posed as FOIA requests.  See, e.g., Zemansky v. EPA, 767 F.2d 569, 574 (9th Cir. 1985); Flowers v. IRS, 307 F.Supp. 2d 60, 71 (D.D.C. 2004).

[6]  As noted in the Hardy Declaration, DOJ regulations require FOIA requesters seeking records from FBI field offices to write directly to the respective field office.  See Hardy Decl. ¶ 26; 28 C.F.R. § 16.3(a)("[i]n most cases, your FOIA request should be sent to a component's

Plaintiff failed to exhaust his administrative remedies concerning his first three FOIA requests, and to the extent that Plaintiff's most recent request constituted a valid FOIA request, Defendant conducted reasonable searches for records and did not improperly withhold any responsive records.  The Court should grant summary judgment for Defendant.

CONCLUSION

_____For all the foregoing reasons, Defendant respectfully requests that the Court grant summary judgment for Defendant.  See Fed. R. Civ. P. 56(c).

Dated: August 7, 2006

Respectfully submitted,

_/s/_____
KENNETH L. WAINSTEIN, DC Bar # 451058
United States Attorney

_/s/_____
RUDOLPH CONTRERAS, DC Bar # 434122
Assistant United States Attorney

_/s/_____
MEGAN L. ROSE, NC Bar # 28639
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Washington, D.C.  20530
(202) 514-7220

---

central FOIA office. For records held by a field office of the Federal Bureau of Investigation (FBI) or the Immigration and Naturalization Service (INS), however, you must write directly to that FBI or INS field office address . . ."); 28 C.F.R. § 16.41(same with respect to Privacy Act requests).

14

## <u>CERTIFICATE OF SERVICE</u>

I certify that the foregoing **Motion For Summary Judgment** was served upon plaintiff

by depositing a copy of it in the U.S. Mail, first class postage prepaid, addressed to:

> **Gary L. Smith**
> **R# 52962-019**
> **P. O. Box 150160**
> **Atlanta, GA 30315**
> **PRO SE**

on this  7th   day of August, 2006.

_____
MEGAN ROSE
Assistant United States Attorney
Judiciary Center Building
Civil Division
555 4th Street, NW
Washington, D.C. 20530