IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Gary L. Smith,
           Plaintiff,

v.                                    Case No: 06-1026
                                             (ESH)

FEDERAL BUREAU OF INVESTIGATIONS,
           Defendant.

**RECEIVED**
SEP 0 5 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## PLAINTIFF'S OBJECTION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COMES NOW, Gary L. Smith, Pro Se Plaintiff, and hereby submits these objections to the Defendant's Motion for Summary Judgment and further urges this Honorable Court to compel the Defendant into producing a detail indexing of all records held within its possession, custody or control.

### Exhaustion of Administrative Remedies

1. <u>Eutility</u>

-1-

when it becomes futile to exhaust administrative remedies, courts have ruled that futility is proof of exhaustion. Cf. <u>Hendershot v Scibena</u>, 2004 WL 2009241 (W.D. Wisc. 2004) and <u>Martinez v Wendt</u> 2003 WL 22456808 (N.D. Tex. 2003))

Further proof is found in the Defendant's exhibits. Defendant's Exhibit "A" is a FOIA request by the Plaintiff to the Atlanta field office of the FBI on November 23, 2004. The Defendant transferred the request to FBI Headquarters on December 6, 2004 (Defendant's Exhibit "B"). The request was denied.

Then on August 4, 2006 (Defendant's Exhibit "K"), the Defendant denied <u>any</u> existance of <u>any</u> records (from FBI Headquarters, Chicago, Illinois field office and Atlanta, Georgia field office) and instructed the Plaintiff to file a FOIA request to the field offices of the FBI!

This is a cycle of going back and forth between field offices and FBI headquarters.

2. <u>Time Limits</u>

An administrative agency has twenty (20) days (excluding Saturdays, Sundays and public legal holidays) to respond to a FOIA request. Title 5 U.S.C. § 552(a)(6)(A)(i). Failure for an

- 2 -

agency to respond in a timely manner is exhaustion of administrative remedies. Title 5 U.S.C. § 552 (a)(6)(A)(i). The burden of proof is on the agency to establish compliance with FOIA limitations. See <u>Marschner v Dept. of State, Sec. of State</u> 470 F.Supp. 196. Clearly the Defendant herein, through their own exhibits, have proven they have <u>not</u> responded in a timely manner. (c.f. Exhibits "B", "C" and "D").

### 3. <u>Discoverable Materials</u>

These requested records by the Plaintiff are to aid him in his habeas corpus appeal of his criminal conviction. The materials are discoverable under habeas proceedings.

Information under FOIA is to be disclosed when petitioner is involved in habeas corpus proceedings, because the petitioner's need to demostrate his illegal confinement greatly outweighs any governmental interest in non-disclosure. See <u>Rice v Black</u>, 112 FRD 620 (1986).

### 4. <u>Defendant's Admittance to Claim</u>

The Defendant has admitted that the Plaintiff

- 3 -

has a claim concerning one of his FOIA requests (Section II of Defendant's Motion).

The Defendant states no records were found in response to the Plaintiff's request. The Defendant is clearly lying to this Court and the Plaintiff. Defendant's Exhibit "E" clearly shows there are records available.

Furthermore, the Plaintiff contends additional records can be found from the following agents and/or FBI field offices:

- John Albert Brunell — Kansas City, Missouri
- David Loveall — Kansas City, Missouri
- Joanne Madden — Kansas City, Missouri
- Thomas J Maiorana — Kansas City, Missouri
- Peter Ranallo — Kansas City, Missouri
- &lt;unknown Agent&gt; — San Fransisco, California
- Tracy Keegan — Chicago, Illinois
- Kevin D. Long — Chicago, Illinois
- Richard W. Vorder Bruegge — Quantico, Virginia
- &lt;unknown agent&gt; — Los Vegas, Nevada

All of the above agents were prepared to/or did testify at the Plaintiff's criminal trial. It would not make sense for them not to have or share information and/or documents.

— 4 —

Furthermore, the FBI in both Chicago, Illinois and Atlanta, Georgia seized property of the Plaintiff's. Did this property just disappear? Again, it does not make sence that no records exist of the property.

### Liniency to Pro Se Litigants

Courts have held that Pro Se pleadings are to be construed liberally. The Plaintiff in this instant case is acting in a Pro Se capacity.

Furthermore, the Plaintiff has extreemly limited resources available to him. He has been placed within the Special Housing Unit at FCI Atlanta and has only had two (2) one-hour visits to the law library in the past several months. He hasn't been able to obtain legal materials (ie. case law, shepardizing, etc) from the regular law library in a timely manner.

### Conclusion

The Plaintiff prays this Honorable Court DENIES the Defendant's Motion for Summary Judgment;

FURTHERMORE, this Honorable Court should ORDER the Defendant to produce a <u>Vaughn</u> index of all it's records from the agents and/or field offices enumerated herein, within NINETY (90) days of this Order;

FURTHERMORE, this Honorable Court should ORDER the Defendant to pay all costs associated with this instant case at bar, including, but not limited to, court filing fees; and

Any other relief deemed necessary by this Honorable Court.

Respectfully submitted,

Date: 1-Sept-06

_____
Gary L. Smith, Pro Se

# 52962-019
P.O. Box 150160
Atlanta, Georgia 30315

## CERTIFICATE OF SERVICE

I, Gary L. Smith, hereby certifies that a true and correct copy of the foregoing Plaintiff's objection to Defendant's Motion for Summary Judgment, was sent via First Class, Postage Pre-Paid Mail, using the United States Postal Service on this 2th day of September, 2006 and addressed to the following parties:

United States District Court
attn: Clerk of the Court

Washington, DC


Megan L. Rose
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530


Executed on: 2-Sept-06    by: _____
                              Gary L Smith

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Gary L. Smith,
          Plaintiff,

v.                        Case No: 06-1026

FEDERAL BUREAU OF INVESTIGATIONS,
          Defendant.

## NOTICE OF PARTIAL FILING FEE

COMES NOW Gary L. Smith and submits the amount of $8.67 for the initial partial filing fee to this Honorable Court.

Respectfully submitted

Date: 1-Sept-06

_____
Gary L. Smith, Pro Se

# 52962-019
P.O. Box 150160
Atlanta, Georgia 30315