UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **GARY L. SMITH,** *pro se*, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.:  06-1026 (ESH) |
| ) | |
| **FEDERAL BUREAU OF INVESTIGATION**, ) | |
| United States Department of Justice,[1] ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendant, identified in the complaint as the Federal Bureau of Investigation ("FBI"), a component of the United States Department of Justice ("DOJ"), by and through undersigned counsel, respectfully submits this Reply in support of Defendant's Motion For Summary Judgment.

**INTRODUCTION**

Plaintiff, a *pro se* federal prisoner, brought this civil action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a, with regard to the processing of Plaintiff's FOIA requests by the FBI.  See Compl., Docket Entry No. 1; see also Def. Motion, Docket Entry No. 11.  Plaintiff's complaint seeks "various records pertaining to [himself]" and requests that the Court order Defendant to provide "a detail[ed] indexing . . . of any and all documents, memorandum (official, unofficial or temporary), data (computer or otherwise), tangible objects, electronic mail or any other item which either directly or indirectly

---

[1] Although Plaintiff's complaint specifically names the Federal Bureau of Investigation (FBI), under the FOIA, the only proper defendant is the United States Department of Justice.  5 U.S.C. § 552(a)(4)(B) and (f)(1).

references the Plaintiff." Compl. at 3, 4.

On August 7, 2006, Defendant moved for summary judgment, and on September 5, 2006, Plaintiff responded to Defendant's Motion and filed his Opposition. See Docket Entries # 11, 13. However, nothing in Plaintiff's Opposition disputes the arguments set forth in Defendant's Motion For Summary Judgment, nor does it remedy Plaintiff's failure to raise a genuine issue of material fact concerning the propriety of Defendant's actions. In fact, Plaintiff's opposition largely concedes Defendant's motion for summary judgment. Plaintiff fails to dispute any of Defendant's Statement of Material Facts Not In Genuine Dispute and, instead, simply speculates that "Defendant is clearly lying." Pl. Opp. at 4. Because Plaintiff's Opposition fails to support his claims and fails to meet his burden of showing that there are genuinely disputed issues of material fact sufficient to survive Defendant's Motion For Summary Judgment, Plaintiff's claims should be dismissed and summary judgment for Defendant granted. See Fed. R. Civ. P. 56(c).

**ARGUMENT**

**I.   Plaintiff's Burden In Opposing Summary Judgment**

A party may defeat a properly-supported summary judgment motion only by providing a "response, by affidavits or as otherwise provided in this Rule, [setting] forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Rule 56(e) directs that summary judgment "*shall* be entered against the adverse party" if that party fails to raise a genuine issue for trial (emphasis added). See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986) ("[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party"); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) ("a party who fails to make a showing sufficient to establish the existence of an

element essential to establish that party's case, and on which that party will bear the burden at trial" cannot withstand a motion for summary judgment).  If the non-movant's evidence is "merely colorable, or is not significantly probative, summary judgment may be granted." Liberty Lobby, 477 U.S. 249-50 (internal citations omitted).  The non-movant may not manufacture genuine issues of material fact on the basis of "some metaphysical doubt as to the material facts," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986), or with "conclusory allegations" or "unsubstantiated assertions." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994).  See also Greene v. Dalton, 164 F.3d 671, 675 (D.C. Cir. 1999) (accepting plaintiff's "conclusory allegations . . . would defeat the central purpose of the summary judgment device, which is to weed out those cases insufficiently meritorious to warrant the expense of a jury trial."); Harding v. Gray, 9 F.3d 150, 154 (D.C. Cir.1993).

In this case, Plaintiff has utterly failed to meet his burden in opposing Defendant's Motion For Summary Judgment, and the Court should grant summary judgment for Defendant. See Fed. R. Civ. P. 56.

**II.     Plaintiff's Opposition Concedes His Claims.**

Plaintiff fails to dispute any of Defendant's Statement of Material Facts Not In Genuine Dispute.  See Pl. Opp.  Accordingly, these facts are sufficient, in and of themselves, to rebut all of Plaintiff's claims in this case, and Defendant is entitled to judgment as a matter of law.  See, e.g., Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, 101 F.3d 145, 151-54 (D.C. Cir. 1996)(summary judgment appropriate where plaintiff conceded the movant's statement of material facts and such facts were "adequately supported by the record").

Plaintiff's Opposition further fails to address adequately all of the arguments raised by

Defendant's Motion.  See Pl. Opp.  First, Plaintiff concedes that he failed to exhaust his administrative remedies.  Pl. Opp. at 2.  Plaintiff argues only that his failure should be excused because proper exhaustion of administrative remedies would have been futile.[2]  Id.  However, as set forth in Defendant's motion, exhaustion of administrative remedies is required in FOIA cases, and a FOIA requester fails to exhaust administrative remedies whenever the requester does not comply with the administrative process set forth under the FOIA, including failure to administratively appeal a denial of information.  See, e.g. Oglesby v. U.S. Dept. of the Army, 920 F.2d 57 (D.C. Cir. 1990); Dettmann v. U.S. Department of Justice, 802 F.2d 1472, 1477 (D.C. Cir. 1986) (quoting to Stebbins v. Nationwide Mutual Insurance Co., 757 F.2d 364, 366 (D.C. Cir. 1985)).  Therefore, because Plaintiff concedes that he failed to properly exhaust his administrative remedies, Plaintiff's claims concerning his first three FOIA requests should be dismissed.

---

[2] Plaintiff's Opposition incorrectly suggests that the FBI has given him the "run-around" between its field offices and FBI headquarters.  Plaintiff's Opposition attempts to confuse the issues by referencing different FOIA requests, which were directed to different offices and requested slightly different information.  Plaintiff's first FOIPA request, dated November 23, 2004, was directed to the FBI's Atlanta Field Office.  See Hardy Decl. ¶ 5, Exh. A.  By letter dated April 21, 2005, FBIHQ informed Plaintiff that the material he requested was located in an open investigative file, which was exempt from disclosure pursuant to Title 5, United States Code, Section 552, subsections (b)(7)(A) and (b)(7)(C).  See Hardy Decl. ¶¶ 9, 22, Exh. E.  Plaintiff concedes that he never administratively appealed the agency's response, and instead, he continued to file new FOIA requests.  Plaintiff's Opposition then suggests that FBIHQ's response to his March 30, 2006 FOIPA request, which was directed to FBIHQ, improperly informed Plaintiff that FBIHQ maintained no records responsive to his request and that records may be located at one of FBI's field offices.  See Pl. Opp. at 2; see also Hardy Decl., Exh. K;  28 C.F.R. § 16.3(a)(requiring FOIA requesters seeking records from FBI field offices to write directly to the respective field office);  28 C.F.R. § 16.41(same with respect to Privacy Act requests).  Yet Plaintiff's Opposition ignores that both of these requests were entirely separate.  Plaintiff failed to exhaust his administrative remedies as to his first request to the FBI's Atlanta field office, and Defendant properly responded to Plaintiff's most recent FOIPA request, directed to FBIHQ.

Moreover, it is well settled in this Circuit that when a plaintiff files an opposition addressing only certain arguments raised by the defendant, "a court may treat those arguments that the plaintiff failed to address as conceded." Hopkins v. Women's Div., General Bd. of Global Ministries, 238 F. Supp.2d 174, 178 (D.D.C. 2002) (citing FDIC v. Bender, 127 F.3d 58, 67-68 (D.C. Cir. 1997); see also Bancoult v. McNamara, 227 F. Supp.2d 144, 149 (D.D.C. 2002); Stephenson v. Cox, 223 F. Supp.2d 119, 121 (D.D.C. 2002). Thus, Defendant's argument concerning the adequacy of all of its searches, particularly with regard to Plaintiff's most recent FOIA request, the only claim in Plaintiff's complaint over which he may arguably seek judicial review, is unopposed, and any such claim in this case should be dismissed. See, e.g., Stephenson v. Cox, 223 F. Supp.2d at 121 ("when a plaintiff files a response to a motion to dismiss but fails to address certain arguments made by the defendant, the court may treat those arguments as conceded, even when the result is dismissal of the entire case.").

Finally, the only issues addressed in Plaintiff's entire opposition fail to create a genuine issue of material fact sufficient to survive Defendant's Motion For Summary Judgment. "A plaintiff's bare conclusions of law, or sweeping and unwarranted averments of fact, will not be deemed admitted for purposes of either" a motion to dismiss or a motion for summary judgment. Haynesworth v. Miller, 820 F.2d 1245, 1254 (D.C. Cir. 1987). Plaintiff's opposition largely argues that Defendant is "lying to this Court" because various FBI field offices were involved with his criminal trial and it would "not make sense" for FBI headquarters to have no responsive records. Pl. Opp. at 4-5. Yet Plaintiff does not provide support for his assertion and fails to dispute any of Defendant's evidence concerning the adequacy of its searches. See generally Pl. Opp. Therefore, Plaintiff's bare conclusions of law and sweeping and unwarranted averments of

5

fact are insufficient to survive Defendant's Motion For Summary Judgment, and Plaintiff's claims should be dismissed.

**III.    FBI Satisfied Its Obligations Under The FOIA.**

As demonstrated by the declaration of David M. Hardy, FBI Headquarters, DOJ, Plaintiff failed to exhaust his administrative remedies concerning his first three FOIA requests. See Hardy Decl. ¶¶ 7-15, 22, 24.  With regard to Plaintiff's most recent FOIA request dated March 30, 2006, Defendant conducted reasonable searches and no documents were improperly withheld from Plaintiff.  Thus, there are no genuine issues of material fact, and Defendant is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(c).

Defendant met its burden to establish that it "made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." Oglesby v. U.S. Dept. of the Army, 920 F.2d 57, 68 (D.C. Cir. 1990); see also SafeCard Servs. v. SEC, 926 F.2d 1197, 1201 (D.C. Cir. 1991).  The Declaration of David M. Hardy and the attached exhibits, accompanying Defendant's Motion For Summary Judgment, describe the FBI's searches in detail and establish that Defendant made a good faith effort to conduct adequate searches for the requested records.  See, e.g., id.; Decl. ¶¶ 16-26. Defendant reasonably searched those systems in which it believed responsive records were likely to be located.  See Ogelsby, 920 F.2d at 68;  Decl. ¶ 26.

Similar to one of Plaintiff's earlier requests dated January 31, 2006, Plaintiff's March 30, 2006 request to FBIHQ sought an index of documents and materials pertaining to Plaintiff.[3]  See

---

[3] To the extent that Plaintiff's requests sought the creation of an "index" by Defendant, as noted in Defendant's motion, agencies are not required to create or compile new records in response to FOIA requests, nor are they required to answer questions posed as FOIA requests. See, e.g., Zemansky v. EPA, 767 F.2d 569, 574 (9th Cir. 1985); Flowers v. IRS, 307 F.Supp. 2d

Hardy Decl., Exh. F, I.  As previously described in Defendant's motion, both requests on their face involved a search using Plaintiff's name to locate information, and on July 14, 2006, FBIHQ conducted a second search of its automated indices for "Gary L. Smith".  Hardy Decl. ¶ 26.[4]  FBIHQ's search also used Plaintiff's date of birth and Social Security number to identify responsive records.  All places reasonably likely to contain responsive documents were searched, but the search located no records at FBIHQ responsive to Plaintiff's request.  Id.  A letter dated August 4, 2006 was mailed to Plaintiff concerning the latest search results in response to his March 30, 2006 FOIPA request.  Id., Exh. K.  The letter also stated that, in accordance with 28 C.F.R. §§ 16.3(a) & 16.41(a), if Plaintiff sought records from an FBI field office, he could write directly to the respective field office.[5]  Therefore, Defendant acted in good faith and met its obligations under the FOIA.

In conclusion, Plaintiff failed to exhaust his administrative remedies concerning his first three FOIA requests, and to the extent that Plaintiff's most recent request constituted a valid FOIA request, Defendant conducted reasonable searches for records and did not improperly

---

60, 71 (D.D.C. 2004).

[4] The Hardy Declaration describes that "General Indices to the CRS files are the means by which the FBI can determine what retrievable information, if any, the FBI may have in its CRS files on a particular subject matter or individual i.e., Gary L. Smith." Id. ¶ 20.  A search of the CRS using the name "Gary L. Smith" would result in a search that would cover a breakdown of the name.  For example, this particular name search would locate records relating to the following names: "Smith, Gary, L.;" "Smith, Gary;" "Smith, G. L.;" and "Smith, L." Id. ¶ 26.

[5] As noted above and in the Hardy Declaration, DOJ regulations require FOIA requesters seeking records from FBI field offices to write directly to the respective field office.  See Hardy Decl. ¶ 26; 28 C.F.R. § 16.3(a)("[i]n most cases, your FOIA request should be sent to a component's central FOIA office. For records held by a field office of the Federal Bureau of Investigation (FBI) or the Immigration and Naturalization Service (INS), however, you must write directly to that FBI or INS field office address . . ."); 28 C.F.R. § 16.41(same with respect to Privacy Act requests).

withhold any responsive records.  The Court should grant summary judgment for Defendant.

## CONCLUSION

For all of the foregoing reasons and the reasons stated in Defendant's Motion For Summary Judgment, Defendant respectfully requests that the Court grant summary judgment for Defendant.  See Fed. R. Civ. P. 56(c).

Dated: September 14, 2006

        Respectfully submitted,

        _/s/_____
        KENNETH L. WAINSTEIN, DC Bar # 451058
        United States Attorney

        _/s/_____
        RUDOLPH CONTRERAS, DC Bar # 434122
        Assistant United States Attorney

        _/s/_____
        MEGAN L. ROSE, NC Bar # 28639
        Assistant United States Attorney
        Judiciary Center Building
        555 Fourth Street, N.W.
        Washington, D.C.  20530
        (202) 514-7220

## CERTIFICATE OF SERVICE

I certify that the foregoing **Motion For Summary Judgment** was served upon plaintiff by depositing a copy of it in the U.S. Mail, first class postage prepaid, addressed to:

> **Gary L. Smith**
> **R# 52962-019**
> **P. O. Box 150160**
> **Atlanta, GA 30315**
> **PRO SE**

on this  14th  day of September, 2006.

_____
MEGAN ROSE
Assistant United States Attorney
Judiciary Center Building
Civil Division
555 4th Street, NW
Washington, D.C. 20530