UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GARY L. SMITH, | ) |
|       Plaintiff, | ) |
| v. | ) Civil Action No. 06-CV-1026 (ESH) |
| FEDERAL BUREAU OF INVESTIGATION, | ) |
|       Defendant. | ) |

## MEMORANDUM OPINION

Before the Court are defendant's motion for summary judgment, plaintiff's opposition, and defendant's reply. Upon considering the pleadings and the entire record herein, the Court concludes that defendant is entitled to summary judgment.

## BACKGROUND

Plaintiff brings this *pro se* action pursuant to the Freedom of Information Act ("FOIA"). 5 U.S.C. § 552 *et seq.* Plaintiff is an inmate in a federal corrections facility. He filed his original FOIA request with the Atlanta Field Office ("ATFO") of the Federal Bureau of Investigation ("FBI") on November 23, 2004. In this request, plaintiff sought "all documents regarding seizure number 3040-02-F-0133, including but not limited to: inventory lists, disposition of item seized, and location of items seized," as well as "the investigative notes and associated files, related search warrants and affidavits and the identity of all agents, officers, etc. involved with this seizure." (Hardy Decl. ¶ 5.) The ATFO forwarded plaintiff's request to FBI Headquarters

("FBIHQ"), which mailed plaintiff an acknowledgment of receipt on December 6, 2004. Upon receiving no further immediate response, plaintiff wrote to FBIHQ on February 26, 2005 and March 24, 2005, declaring that the statutory period for a FOIA response had expired, that he deemed his administrative remedies exhausted, and that he would file an action in district court. FBIHQ acknowledged receipt of these letters in a letter dated April 21, 2005, which informed plaintiff that the material he requested was located in an open investigative file and was exempt from disclosure pursuant to 5 U.S.C. §§ 552(b)(7)(A) and 552(b)(7)(C). In the same letter, FBIHQ advised plaintiff that he could appeal this denial by writing to the Co-Director of the Office of Information and Privacy ("OIP") in the United States Department of Justice ("DOJ"). Plaintiff filed no such appeal.

On January 31, 2006, plaintiff mailed a second letter to FBIHQ requesting, *inter alia*, all investigative documentation relating to File No. 305A-BA-80998-E6522-KC, materials used to obtain a search warrant, and any other information relating to him. FBIHQ searched its automated indices and its central records system using plaintiff's name, date of birth, and Social Security number. FBIHQ failed to locate any responsive documents. (Hardy Decl. ¶ 23.) FBIHQ notified plaintiff of this result by letter dated March 6, 2006, and again informed plaintiff of his right to file an administrative appeal with OIP. Plaintiff filed no such appeal regarding his second request.

Plaintiff made a third request on February 13, 2006, for copies of laws and regulations authorizing the investigation of persons within the United States. FBIHQ responded in a letter to plaintiff dated May 2, 2006, explaining that FOIA does not require federal agencies to answer inquiries, create records, conduct research or draw conclusions concerning queried data. Because

FBIHQ regarded the third request as improper under the statute, it took no further action on plaintiff's third request.  (Hardy Decl. ¶ 25.)

On March 30, 2006, plaintiff mailed his fourth request, seeking "the production of a detailed indexing of all records, objects, and/or communications within [the FBI]" and a *Vaughn* index of, *inter alia*, all documents seized from his homes or businesses or related to him in any way.  The FBI did not respond to this request before plaintiff filed a complaint with this Court on June 5, 2006.  On July 14, 2006, FBIHQ conducted a search similar to the one it performed in response to plaintiff's January 31, 2006 request, but the search yielded no responsive documents.  (Hardy Decl. ¶ 26.)  FBIHQ notified him of this result in a letter dated August 4, 2006, and advised plaintiff of his right under 28 C.F.R. §§ 16.3(a) and 16.41(a) to write directly to a specific FBI field office for records from that field office.[1]  On August 7, 2006, defendant filed this motion for summary judgment.

## ANALYSIS

**I.      Standard of Review**

This Court will grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  When ruling on a motion for summary judgment, this Court must view the evidence in the light most favorable to the non-moving party.  *Reeves v.*

---

[1] On September 15, 2006, plaintiff filed a "Judicial Notice" about a fifth unsuccessful FOIA request on August 22, 2006, to the ATFO.  This apparent belated attempt to amend the original complaint is not properly before the Court, nor will the Court order defendant to provide the addresses that plaintiff has requested.

*Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 149 (2000).  The non-moving party cannot rely on "mere allegations or denials . . . but . . . must set forth specific facts showing that there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (citation omitted).

In a FOIA case, the Court may award summary judgment to the agency based on the information provided in affidavits or declarations when those affidavits or declarations describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981) (citation omitted).  An agency must prove that "each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the Act's inspection requirements." *Goland v. CIA*, 607 F.2d 339, 352 (D.C. Cir. 1978) (citation and quotation marks omitted).

**II.    Exhaustion**

An individual must generally exhaust administrative remedies before filing suit in federal court.  *See Renegotiation Bd. v. Bannercraft Clothing Co.*, 415 U.S. 1, 24 (1974); *McKart v. United States*, 395 U.S. 185, 193 (1969).  In a FOIA case, a plaintiff must exhaust the administrative appeal process set forth in 5 U.S.C. § 552(a)(6)(A) before seeking judicial review of a FOIA denial.  *See, e.g.*, *Wilbur v. CIA*, 355 F.3d 675, 677 (D.C. Cir. 2004); *Hidalgo v. FBI*, 344 F.3d 1256, 1258 (D.C. Cir. 2003); *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 61-62

(D.C. Cir. 1990). Defendant[2] contends that plaintiff filed no administrative appeal regarding defendant's responses, although defendant's letters to plaintiff informed him of his administrative remedies. (Hardy Decl. ¶¶ 7-15, 22, 24.)

Plaintiff does not dispute these contentions. Nonetheless, he argues that he exhausted administrative remedies constructively, either because an administrative appeal would have been futile or because the FBI failed to respond within the time allotted in 5 U.S.C. § 552(a)(6)(C). (Pl.'s Opp. at 2-3.) Plaintiff fails, however, to allege any facts that demonstrate futility, nor may he rely on the fact that the agency failed to find any documents after conducting its search.[3] As for the FBI's failure to provide a timely response, constructive exhaustion ceases to offer a basis for judicial action once an agency actually responds. *Oglesby*, 920 F.2d at 61, 63-64. Because the FBI responded adequately[4] to plaintiff's first three requests before plaintiff filed this suit, plaintiff may not claim constructive exhaustion, but rather, he is required to exhaust his administrative remedies as to those three requests.

## III.  Adequacy of the Search

With respect to the fourth request dated March 30, 2006, defendant argues that it

---

[2] Defendant claims that it is an improper defendant under the FOIA. (Def.'s Mot. at 1 fn.1; Def.'s Reply at 1 n.1.) *But see Peralta v. U.S. Atty.'s Office*, 136 F.3d 169, 173-74 (D.C. Cir. 1998) (citing numerous reasons for qualifying the FBI as an "agency" under 5 U.S.C. §§ 551(1) and 552(f)). Because this Court grants defendant's motion on other grounds, it need not rule on plaintiff's choice of defendant.

[3] Plaintiff points to the perceived "runaround" between ATFO and FBIHQ and the "deni[al of] *any* existence of *any* records" to demonstrate futility. *But see* note 5 *infra*.

[4] The agency's response must include the agency's determination of whether to comply with the request, the reasons for its decision, and notice of the requester's right to appeal to the head of the agency. *Oglesby*, 920 F.2d at 65. The FBI's letters to plaintiff met these criteria. (*See* Hardy Decl. ¶¶ 21-22, 24, 25.)

conducted a reasonable search for the requested records and that it is therefore entitled to judgment as a matter of law. FOIA obligates a defendant agency to conduct a search "reasonably calculated to uncover all relevant documents." *Weisberg v. U.S. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983); *see also Oglesby*, 920 F.2d at 68. "The issue is *not* whether any further documents might conceivably exist but rather whether the government's search for responsive documents was adequate." *Perry v. Block*, 684 F.2d 121, 128 (D.C. Cir. 1982). In response to a challenge to the adequacy of its search, the agency may provide a "reasonably detailed affidavit, setting forth the search terms and type of search performed, and averring that all files likely to contain responsive materials . . . were searched." *Oglesby*, 920 F.2d at 68. An adequate affidavit can be rebutted only "with evidence that the agency's search was not made in good faith." *Trans Union LLC v. FTC*, 141 F. Supp. 2d 62, 69 (D.D.C. 2001) (citing *Maynard v. CIA*, 986 F.2d 547, 559 (1st Cir. 1993); *Miller v. U.S. Dep't of State*, 779 F.2d 1378, 1383 (8th Cir. 1985)).

      To demonstrate the adequacy of its search, defendant has submitted the declaration of David M. Hardy, a Section Chief in the Records Management Division at FBIHQ. This declaration describes in detail the process by which FBIHQ searched for responsive documents. On July 14, 2006, FBIHQ conducted a search of its automated Central Records System ("CRS"), using plaintiff's name to locate any main investigatory files that might exist at FBIHQ under various permutations of plaintiff's name. (Hardy Decl. ¶ 26.) The CRS is FBIHQ's typical tool for responding to FOIA requests. (Hardy Decl. ¶ 16.) FBIHQ also searched the CRS for files responsive to plaintiff's date of birth and Social Security number. (Hardy Decl. ¶ 26.) In short, Mr. Hardy attests that "[a]ll places reasonably likely to contain responsive documents were searched, but the search located no records at FBIHQ responsive to plaintiff's request." (Hardy

Decl. ¶ 26.)

To rebut defendant's assertion of adequacy, plaintiff must offer evidence showing that the agency limited its search in bad faith. Instead, plaintiff merely asserts that defendant is "clearly lying to this Court and the Plaintiff." (Pl.'s Opp. at 4.) Plaintiff provides nothing to support this conclusory allegation.[5] Accordingly, the Court concludes that defendant's search in response to plaintiff's March 30, 2006 FOIA request was reasonable. *See Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 813 (D.C. Cir. 1994); *Safecard Servs. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991).

## CONCLUSION

For the reasons stated above, the Court will grant defendants' motion for summary judgment. Insofar as the motion concerns the adequacy of FBIHQ's searches in response to plaintiff's January 31, 2006 and March 30, 2006 FOIA requests, the Court dismisses plaintiff's claims with prejudice.[6] Insofar as the motion concerns plaintiff's November 23, 2004 and

---

[5] Plaintiff claims that additional responsive records exist in various FBI field offices, and that FBIHQ's search was inadequate in failing to produce those records. (Pl.'s Opp. at 4-5.) However, FBIHQ lacks the regulatory authority to search field office records. 28 C.F.R. § 16.3(a) ("For records held by a field office of the Federal Bureau of Investigation (FBI) . . . , you must write directly to that FBI . . . field office address[.]").

[6] Although plaintiff failed to exhaust his administrative remedies with respect to his January 31, 2006 request, the Court notes that FBIHQ's search in response to that request was identical to the search it conducted in response to the fourth request. Hence, the earlier search would meet the adequacy test for the same reasons as the later search, and both claims may be dismissed with prejudice.

February 13, 2006 FOIA requests, the Court dismisses plaintiff's claims without prejudice. A separate Order accompanies this Memorandum Opinion.

                                                                                s/
                                          ELLEN SEGAL HUVELLE
                                          United States District Judge

DATE:   September 19, 2006